UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-62261-CIV-COHN/SELTZER

ROBERT THOMAS, FREDERICK LAUFER,
and BRYAN KAUFMAN,

    Plaintiffs,
v.

TROY R. BROWN, GARY S. DESBERG,
JERRY A. GORSKI, EDMUND G. KAUNTZ,
WILLIAM M. MILLS, PAUL J. SINGERMAN,
MICHAEL R. STAVNICKY, RONALD J. TEPLITZKY
individually, and SINGERMAN, MILLS, DESBERG
& KAUNTZ CO. L.P.A., a foreign limited professional
association doing business within Florida,

    Defendants.
_____/

## **ORDER DENYING MOTIONS TO REMAND AND STAY**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Remand to State Court [DE 31], Defendants' Memorandum in Opposition [DE 34], Plaintiffs' Reply [DE 38], Plaintiffs' Motion to Stay [DE 30], Defendants' Memorandum in Opposition [DE 37], and Plaintiffs' Reply [DE 39].  The Court has carefully considered the motions and is otherwise fully advised in the premises.

Plaintiffs, three individual citizens of Florida, filed this action against various attorneys, who reside in Ohio, for breaching their duty to Plaintiffs and committing various torts, resulting in deprivation of Plaintiffs' portion of funds wired to an account controlled by Plaintiffs' business partner, who was represented by Defendants in a related action.

## I.  BACKGROUND

According to the complaint filed in state court [DE 1-2], Plaintiffs Robert Thomas, Frederick Laufer, and Bryan Kaufman ("Plaintiffs") are minority shareholders of Apex Radiology Inc. ("Apex"), holding 11%, 17%, and 21%, respectively, of Apex.  In 2007, Apex entered into an Asset Purchase Agreement to sell all of its assets to Franklin & Seidelmann, LLC ("F&S").  The shareholders of Apex elected Wade Rome, a 45% Apex owner at the time, to be their representatives in dealing with F&S.  After making the initial payment and two quarterly payments, F&S stopped further payments to Apex.  In 2008, Rome hired the Defendants in this action to represent Apex in an action against F&S in federal court in Ohio.[1]  That action was then stayed while the parties arbitrated the claims.  In late 2009, the arbitration panel ruled in favor of Apex, resulting in a wire transfer of over $1.5 million being sent to a bank account controlled by Wade Rome.  Plaintiffs allege that they never received any of that money, and have filed suit in Florida state court to recover that money from Rome and his wife.  While the Apex action against F&S was still pending, Defendants began representing Rome in an employment action he filed against F&S in Ohio, in which Plaintiffs have been subpoenaed to be witnesses, thus presenting a conflict of interest with their former counsel.

In this action, Plaintiffs contend that Defendants breached their duty to Plaintiffs, as counsel for Apex shareholders, by entrusting the arbitration award funds solely to

---

[1] The parties dispute whether the "Client" of the Defendants was Wade Rome, Apex, Apex's shareholders, or some combination thereof.  The Court makes no determination at this time as to whom Defendants represented.

Rome.  See Counts I and II.  Plaintiffs also allege that Defendants have breached Ohio Rules of Professional Conduct by not obtaining waivers of conflict from Plaintiffs (Count III).  Plaintiffs allege negligence, gross negligence, and conspiracy by Defendants in their failure to transfer funds from the arbitration award to Plaintiffs.  Counts IV, V, VI, and VII.  Plaintiffs also seek a declaratory judgment that Defendants represented them, and that Defendants' current and future representation of the Romes is a conflict of interest.  Counts VIII and IX.  Plaintiffs seek an award of actual damages in addition to declaratory relief.

Defendants timely removed this action from state court on the grounds of diversity jurisdiction.  After first moving for a hearing on a motion to disqualify Defendants' counsel that was filed in state court, Plaintiffs moved for remand.

## II.  DISCUSSION

### A. Standard for Remand/Removal

Federal diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.  There is no dispute that complete diversity exists in this case. Rather, Plaintiff seeks remand on the grounds that Defendants failed to strictly follow the procedural requirements for removal, failed to meet their burden to show that the amount in controversy requirement has been satisfied, and that this Court should exercise its discretion to remand because of the pending state court action involving Plaintiffs and Rome.

3

The party seeking to litigate in federal court bears the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). The Eleventh Circuit has explained that a defendant may allege removability that is apparent from the face of the complaint, in which case the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010). A district court must make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleading to determine whether it is facially apparent that a case is removable." Id., quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010).

### B. Procedural Requirements Have Been Met

Plaintiffs argue that Defendants failed to include the state court civil cover sheet in the materials attached to the notice of removal in violation of 28 U.S.C. § 1446(a). However, as Defendants point out, a removing party need only include "a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1446(a). Defendants contend that they were never served with the civil cover sheet, that a civil cover sheet is not part of "all process, pleadings and orders," and even if it was, the Defendants cured this non-jurisdictional defect within 30 days. Under Cook v. Randolph County, Ga., 573 F.3d 1143, 1150 (11th Cir. 2009), this Court concludes that even if such a procedural defect occurred (which more than likely did not occur based upon the record before the Court), such defect does not warrant remand as it is not

jurisdictional.

### C.  Amount in Controversy Has Been Met

Plaintiffs next argue that because the primary relief it is seeking is Defendants' disqualification in the Ohio action (or an injunction to enforce such action), the value of this injunctive relief to Plaintiffs is less than $75,000.  A court must look to the "monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted."  Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002).  However, in addition to the declaratory/injunctive relief, Plaintiffs are also seeking monetary damages in their Complaint.

Defendants contend that Plaintiffs' complaint provides a basis to conclude that the amount in controversy is over $75,000 per Plaintiff.  The Complaint alleges that an award in favor of Apex of $1,696,330.34 was sent by wire transfer directly to Wade Rome instead of being distributed to all Apex shareholders, including Plaintiffs.  Complaint, ¶¶ 53-73 [DE 1-2].  The percentage shares held by Plaintiffs of Apex would result in over $75,000 being paid out to each Plaintiff.  Several of the claims in this action seek damages accruing from Defendants' alleged role in the failure of the money being paid to Plaintiffs.  Complaint, ¶¶ 131, 175, 182, 194, 201 and "Wherefore" clause on page 34.  Under the Eleventh Circuit standard described above, this Court makes the reasonable deduction, inference, or extrapolation, based upon the specific allegations in the Complaint, that it is facially apparent that the amount in controversy is over the jurisdictional limit.

## D.  No "Discretionary" Remand

Plaintiffs argue that even if this Court determines that diversity jurisdiction is present in this action, it has the "discretion" to remand the action based upon a related, pending state court action wherein Plaintiffs have sued Wade Rome to recover the funds at issue in this action.  Plaintiffs contend that because of the pressing issue of service of subpoenas in the Ohio action (wherein their former Apex counsel – Defendants – seek to depose Plaintiffs in the Rome action against F&S), they filed this new action rather than seeking to amend its related state court complaint to add the Defendants to that action.  Plaintiffs rely upon a 1983 district court case from Arkansas for their argument that the Court should exercise its discretion to remand.  Midwestern Distribution, Inc. v. Paris Motor Freight Lines, Inc., 563 F.Supp. 489 (E.D. Ark. 1983).  However, in that decision, the defendant was a citizen of the forum state, and therefore was precluded from removal by 28 U.S.C. § 1441(b).  563 F.Supp. at 491.  The court's additional discussion of the waiver doctrine and other factors are therefore dicta.

To the extent this Court has any discretion under the binding precedent of the United States Court of Appeals for the Eleventh Circuit to remand an action that has properly asserted diversity jurisdiction, the Court concludes that the motion to remand in this case should be denied.[2]

---

[2]  The Court need not reach the Defendants' waiver argument.

## III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Remand to State Court [DE 31] is hereby **DENIED**;

2. Plaintiffs' Motion to Stay [DE 30] is hereby **DENIED** as moot;

3. Plaintiffs shall file their response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction by Dec. 9, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of November, 2011.

_James I. Cohn_
JAMES I. COHN
United States District Judge

Copies furnished to counsel of record on CM/ECF